UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| JULIUS CHARLES SIMS, *Pro Se*, | ) | Case No.: 4:17 CV 1347 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| STEVEN MERLAK, | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| Respondent | ) | <u>AND ORDER</u> |


*Pro Se* Petitioner Julius Charles Sims, a federal prisoner incarcerated in FCI-Elkton, has filed a Petition for a Writ of *Habeas Corpus* Pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The matter is before the Court for initial screening. *See* 28 U.S.C. §2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (made applicable to Section 2241 petitions under Rule 1(b)), the Court must dismiss the Petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *See also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has "a duty to screen out a *habeas corpus* petition which should be dismissed for lack of merit on its face.").

For the reasons stated below, the Court finds that the Petition must be summarily dismissed.

**Background**

Petitioner asserts he was sentenced before the United States District Court for the Northern

District of Indiana in a federal criminal case on July 22, 2007, to a term of 262 months imprisonment. His conviction was based on Count 5 of an indictment charging him with possession with intent to distribute controlled substances. Petitioner asserts that his sentence reflected, in part, a finding that he was a Career Offender under the federal sentencing guidelines based on prior convictions he had in Indiana. In this case, Petitioner seeks relief from his enhanced sentence under § 2241.

**Analysis**

If a federal prisoner wishes to challenge the legality of his conviction or sentence, he must do so by filing a motion for post-conviction relief under 28 U.S.C. § 2255. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A *habeas corpus* petition under 28 U.S.C. § 2241 is only "appropriate for claims challenging the execution or manner in which the sentence is served," such as claims challenging computation of sentence credits or determining terms of parole. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Section 2255 contains a limited "savings clause," 28 U.S.C. § 2255(e), that allows a prisoner to bring a § 2241 claim challenging the legality of his conviction or sentence in the extraordinarily narrow circumstances where a prisoner can show that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997). The Sixth Circuit has regularly indicated that the narrow scope of relief under the savings clause does not apply to sentencing claims. *See Jones v. Castillo*, 489 F. App'x 864, 866, 2012 WL 2947933, at *1 (6th Cir. 2012) ( "[c]laims alleging "actual innocence" of a sentencing enhancement cannot be raised under § 2241"); *see also Reminsky v. U.S.*, 523 F. App'x 327, 329 (6th Cir. 2013) ("The savings clause of § 2255(e) does not apply to sentencing claims.").

Recently, the Sixth Circuit held that a prisoner may raise a sentence-enhancement claim in a § 2241 petition in very limited circumstances. *See Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016). The *Hill* Court expressly defined those circumstances as

> a narrow subset of § 2241 petitions: (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed. 621 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id*. at 599-600.

The Petition does not suggest that the circumstances articulated in *Hill* apply here. Petitioner was not sentenced under the mandatory guidelines regime pre-*United States v. Booker*. Rather, he was sentenced in 2010, after *Booker* was decided. In addition, his Petition does not demonstrate that he is foreclosed from filing a petition under § 2255 based on a change in statutory interpretation by the Supreme Court that would apply retroactively to invalidate his sentence.

**Conclusion**

Accordingly, the Petition in this case is denied and this action is dismissed pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing *Habeas Corpus* Cases. The court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

November 13, 2017